SETH E. PIERCE (SBN 186576) sep@msk.com
AARON M. WAIS (SBN 250671) amw@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

NAOMI STRAUS (SBN 287804) nxs@msk.com
181 N Street N.W., 8th Floor
Washington, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7899

Attorneys for Plaintiff
Swiss America Trading Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWISS AMERICA TRADING CORP., | CASE NO. 2:14-cv-04960 |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| REGAL ASSETS, LLC; Tyler Gallagher, an individual; Kelly Felix, an individual; and Does 1-10, inclusive. | **(1) FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(A)]** |
| Defendants. | **(2) FALSE OR MISLEADING ADVERTISING [CAL. BUS. & PROF. CODE § 17500 *et seq*];** |
| | **(3) UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §17200 *et seq* AND COMMON LAW];** |
| | **(4) UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE §17200 *et seq* AND COMMON LAW];** |
| | **(5) TRADE LIBEL; AND** |
| | **(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.** |
| | **DEMAND FOR JURY TRIAL** |

Mitchell
Silberberg &
Knupp LLP

6217756.2

Plaintiff Swiss America Trading Corp. ("Plaintiff"), by its attorneys, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff and defendant Regal Assets, LLC ("Regal Assets") compete head-to-head in selling precious metals to the public for investment or collecting purposes.  Upon information and belief, Regal Assets and its owners, defendants Tyler Gallagher ("Gallagher") and Kelly Felix ("Felix") (Gallagher and Felix collectively are the "individual Defendants" and together with Regal Assets are "Defendants"), among other things, have created and are operating an affiliate website program that is designed to mislead the public and divert business from Plaintiff to Regal Assets.

2.      Through the guise of its affiliate program, Defendants have created or directed others to create websites that purport to be neutral, independent review websites operated by qualified professionals in the relevant fields of precious metals, investing, and retirement planning.  In reality, however, the websites are transparently designed to promote and advertise Regal Assets and disparage its competitors, including Plaintiff.  In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to Regal Assets, and publish false, deceptive and disparaging reviews of Plaintiff.

3.      Defendants' actions are knowing, willful, and malicious.  They have caused, and are continuing to cause, severe and irreparable damage to Plaintiff. Accordingly, Plaintiff is entitled to relief under the Lanham Act and California law, including injunctive relief, compensatory damages, Defendants' unjust profits, treble damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and under California statutory and common law.

5.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act.

6.     This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims of Plaintiff that arise under the laws of the State of California.

8.     Defendants are subject to personal jurisdiction in the State of California because the unlawful conduct complained of herein causes injury in this judicial district; upon information and belief, Regal Assets is a California Corporation with its principal place of business in California; upon information and belief, the individual Defendants are residents of the State of California; and Defendants transact business and offer their services for sale in this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this Complaint occurred in this judicial district; upon information and belief, Regal Assets has its principal place of business in this judicial district and Gallagher resides in this judicial district; and Defendants do business in this judicial district.

## **THE PARTIES**

10.     Plaintiff is an Arizona Corporation with its principal place of business in Phoenix, Arizona.

11.     Plaintiff is informed and believes, and on that basis avers, that at all times relevant herein, Regal Assets is and was a California Limited Liability Company with its principal place of business in Burbank, CA.

12.     Plaintiff is informed and believes, and on that basis avers that at all times relevant herein, Gallagher is and was an individual residing in Los Angeles County, California and is the Chief Executive Officer and an owner of Regal Assets.

13.     Plaintiff is informed and believes, and on that basis avers, that Felix is and was an individual residing in San Diego County, California, is a part owner of Regal Assets, as well as the owner, operator, and creator of certain affiliate websites, including but not limited to http://imfsite.org; and the affiliate marketing website www.bringthefresh.com, through which he solicits "affiliates" for Regal Assets.

14.     Plaintiff is informed and believes, and on that basis avers, that at all times herein mentioned there existed a unity of interest and ownership between Regal Assets, on the one hand, and the individual Defendants, on the other hand, such that any individuality or separateness between them ceased.  The individual Defendants were and are the alter egos of Regal Assets and, at all times herein mentioned, Regal Assets has been the mere shell, instrumentality, and conduit through which the individual Defendants have carried on business, exercising complete control over Regal Assets to the extent that any individuality or separateness of Regal Assets does not exist.

15.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names Does 1 through 10, inclusive.  Plaintiff is informed and believes, and on that basis avers, that Does 1 through 10, and each of them, either directly performed the acts alleged herein or were acting as the agent, principal, alter ego, employee, representative, or otherwise participated in the acts alleged herein with Defendants.  According, defendants Does 1 through 10 are each liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged herein.  Plaintiff will

1  amend the Complaint to state the true names of defendants Does 1 through 10

2  when their identities are discovered.

3      16.    At all times herein mentioned, each defendant was the agent, aider

4  and abettor, and/or co-conspirator of one or more of the other defendants, was

5  acting within the course and scope of the agency and/or in furtherance of such

6  conspiracy, and aided and assisted one or more of the other defendants in

7  committing the wrongful acts alleged herein, and is liable to Plaintiff as alleged

8  herein.

9  ## GENERAL ALLEGATIONS

10  ## Plaintiff's Business and Reputation

11      17.    For years, Plaintiff has been and is a trusted leader for selling gold and

12  other precious metals for placement in customer investment accounts (including

13  "IRAs") or for collecting purposes.

14      18.    Plaintiff promotes itself nationally using the trade name Swiss

15  America.  Plaintiff also promotes and offers its services, in part, through a website

16  using the domain name www.swissamerica.com.

17      19.    Plaintiff generates business and promotes itself through results yielded

18  by online search engines in response to queries from potential clients looking for

19  precious metal services.  Plaintiff also relies on word-of-mouth, including reviews

20  and recommendations on the internet, to generate business.

21      20.    Plaintiff has invested enormous time, effort, and resources advertising

22  and promoting its high quality services under and in connection with the Swiss

23  America trade name, and in encouraging satisfied customers to spread the word via

24  online reviews.

25      21.    Accordingly, online reviews and recommendations are extremely

26  valuable to Plaintiff, and crucial to the continued vitality and growth of Plaintiff's

27  business.

28

**Defendants' Unfair and Unlawful Conduct**

**A.      Defendants' Affiliate Program**

22.     Affiliate marketing is a type of performance-based marketing in which a business pays compensation to affiliates (whether individuals or companies) for referred business.  In short, the affiliates promote the business, including through separate websites, and are compensated for each visitor or customer brought to the business by the affiliate's marketing efforts.  Marketing efforts vary from placing banners and ads for the business on the affiliated website to the affiliate recommending or positively reviewing the business.

23.     Plaintiff is informed and believes, and on that basis avers, that Regal Assets is also in the business of selling precious metals for placement in customer investment accounts or for collecting purposes.

24.     Like Plaintiff, Regal Assets promotes itself online and generates business through results yielded by online search engines in response to queries from potential clients looking for precious metal services.

25.     Unlike Plaintiff, however, upon information and belief, Defendants have created and are operating a false and misleading affiliate website program for the purpose of falsely promoting Regal Assets and disparaging Plaintiff (among other competitors).  This is done through the use of so-called affiliate websites that purport to be independent consumer review websites but are owned, operated or controlled by Defendants.  These websites include false content and fraudulent, false, deceptive and disparaging reviews of Plaintiff (hereinafter the "Regal Site(s)").

26.     Plaintiff is informed and believes, and on that basis avers that the Regal Sites are fraudulent, false and deceptive in the following respects:

**1.      The Regal Sites are not in any sense independent.**

27.     The Regal Sites present themselves as neutral, independent websites operated by qualified professionals in the relevant fields of precious metals,

investing, and retirement planning and that are providing reviews of precious metal companies in an effort to inform consumers of their choices.  The reviews then criticize Plaintiff (among other competitors) and invariably conclude that Regal Assets is the best provider and recommend its services.  Plaintiff, however, is informed and believes, and on that basis avers that the Regal Sites are not in any sense independent.

28.     First, upon information and belief, certain of the Regal Sites are not "affiliates" at all but are owned and operated by Defendants – a connection which is not adequately disclosed, if it is disclosed at all.

29.     In public online statements, Felix has bragged that he is "not only a part owner of Regal Assets," but "also run[s] traffic through my own affiliate accounts, with my own affiliate sites."  *See* Exhibit 1.  In other words, while the Regal Sites represent themselves to the public and potential clients as independent websites, certain of them are in fact direct advertisements being made by the owners of Regal Assets in an effort to drive traffic and clients to Regal Assets.

30.     Second, upon information and belief, certain other Regal Sites are owned independently of Defendants but were in fact created by Defendants, provided content by Defendants or directed as to the content to include, including the negative reviews about Plaintiff and positive reviews of Regal Assets.  Felix advises on his website www.bringthefresh.com that he will create for owners of Regal Sites (each an "Affiliate" or collectively "Affiliates") "done for you" or "DFY" sites: "instead of just sharing my strategies with you via my monthly videos, and hoping that you understand and implement them perfectly...I recently decided - WHY DON'T I JUST DO IT FOR YOU?  What I mean is... why don't I just pretend YOUR site is MY site. And I'll build it FOR YOU."  *See* Exhibit 2.  Again, this is not adequately disclosed to the public, if it is disclosed at all.

31.     Third, and finally, upon information and belief, certain other Regal Sites are compensated by Defendants for directing customers to Regal Assets – a connection which also is not adequately disclosed, if it is disclosed at all.

### 2.     The Regal Sites contain false content.

32.     Upon information and belief, the Regal Sites use false content to make the Sites appear sophisticated and trustworthy, thereby fraudulently convincing consumers to use Regal Assets and not Plaintiff.  This includes, but is not limited to, the use of false identities, fake photographs, false credentials and misstating the source of certain statements (which themselves are false).

33.     For example, goldiraguide.com purports to have been founded by "Mark C. Turner," who "worked in the investment industry … for over 20 years," holds a degree in Finance and has "occupied various management positions at reputable banks and financial institutions."  *See* Exhibit 3.  But upon information and belief, there is no Mark Turner.  To the contrary, "Mr. Turner" is actually a stock photo.  *See* Exhibit 4.

### 3.     The Regal Sites disparage Plaintiff.

34.     Upon information and belief, the Regal Sites go beyond merely recommending Regal over Plaintiff by publishing statements that falsely disparage Plaintiff's business practices to further dissuade potential customers from doing business with Plaintiff, in favor of Regal.  *See* Exhibit 5.

### B.     Regal Assets' Refusal to Correct Misstatements and Remove Misleading Reviews.

35.     Plaintiff has requested that Defendants cease and desist with their false, deceptive and disparaging advertising campaign but Defendants have not complied with these requests.

**Plaintiff Has Been Harmed And**

**Continues To Be Harmed By Regal Assets' Wrongdoing**.

36.     Plaintiff is informed and believes, and on that basis alleges that the Regal Sites have generated multiple millions of dollars of sales for Regal Assets (and in turn, millions of dollars of commissions for Defendants and its affiliates) through these false and misleading reviews.

37.     Upon information and belief, the Regal Sites have caused and are continuing to cause Plaintiff to lose market share and significant business revenue and profits, and the Regal Sites have caused and are continuing to cause irreparable harm to Plaintiff's reputation and goodwill.

## FIRST CLAIM FOR RELIEF

[False or Misleading Advertising – 15 U.S.C. § 1125(a)]

[Against All Defendants]

38.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 37, inclusive, and incorporates them by reference herein.

39.     Defendants have created and are operating an affiliate website program that is designed to mislead the public and divert potential clients from Plaintiff to Regal Assets through the use of websites that purport to be independent consumer review websites but, in reality, are transparently designed to promote Regal Assets and disparage Plaintiff (among other competitors).

40.     In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to Regal Assets, and publish false statements about Plaintiff and its business practices and in these regards, include content that is literally false, or if not literally false, is likely to deceive or confuse customers or prospective customers regarding the nature, characteristics, or quality of the services offered by Plaintiff and Regal Assets.

41.     Defendants have made these false and misleading statements in the course of advertising their own services and denigrating Plaintiff's services.

42.     These statements have or are likely to mislead or confuse consumers.

43.     Plaintiff has already been, and is likely to be injured as a result of the foregoing false statements, by a direct diversion of market share and sales to Regal Assets, in an amount to be determined at trial but in excess of $75,000, and by a lessening of Plaintiff's good will and reputation, in an amount to be determined at trial.

44.     Unless enjoined, Defendants' actions will continue to cause irreparable injury to Plaintiff.  Accordingly, Plaintiff is entitled to monetary and equitable relief.

45.     Because this is an exceptional case involving calculated and willful misconduct by Defendants, Plaintiff is entitled to recover treble damages, treble profits, and attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

[False or Misleading Advertising –Cal. Bus. & Prof. Code § 17500 *et seq.*]

[Against All Defendants]

46.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 45, inclusive, and incorporates them by reference herein.

47.     Defendants have created and are operating an affiliate website program that is designed to mislead the public and divert potential clients from Plaintiff to Regal Assets through the use of websites that purport to be independent consumer review websites but, in reality, are transparently designed to promote Regal Assets and disparage Plaintiff (among other competitors).

48.     In furtherance of this goal, these websites are rife with false content, fail to disclose their connection to Regal Assets, and publish statements about Plaintiff and its business practices that are untrue and misleading.

Mitchell Silberberg & Knupp LLP

6217756.2

9

49.     Defendants made these false and deceptive statements in the course of advertising their own services and denigrating Plaintiff's services.

50.     Past and prospective customers were or are likely to be deceived by these statements, as they will likely consider the statements made about Plaintiff to be negative and the statements about Regal Assets to be positive, and the statements made are likely to influence the consumer's decision as to whether to use Plaintiff's services or Regal Asset's services.

51.     Plaintiff has already been, and is likely to be injured as a result of the foregoing false statements, by a direct diversion of market share and sales to Regal Assets, in an amount to be determined at trial but in excess of $75,000, and by a lessening of Plaintiff's good will and reputation, in an amount to be determined at trial..

52.     Unless enjoined, Defendants' actions will continue to cause irreparable injury to Plaintiff.  Accordingly, Plaintiff is entitled to equitable relief.

## THIRD CLAIM FOR RELIEF

[Unlawful Competition – Cal. Bus. & Prof. Code § 17200 et seq.

and Common Law]

[Against All Defendants]

53.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 52, inclusive, and incorporates them by reference herein.

54.     Based on the acts described herein, including but not limited to Defendants' knowing publication and distribution of false, deceptive and disparaging statements about Plaintiff and its business practices and misleading positive statements and recommendations of Regal Assets, Defendants have engaged in unlawful business practices, including in violation of California Business and Professions Code § 17200 *et seq* and California common law.

55.    As a result of Defendant's aforesaid conduct, Plaintiff has suffered substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Plaintiff will continue to suffer irreparable harm.  Plaintiff also has suffered loss of profits and other damages as a result of Defendant's aforesaid conduct. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.  On the statutory unfair competition claim, Plaintiff seeks only restitution and does not seek damages at law.

## FOURTH CLAIM FOR RELIEF

[Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.*

and Common Law]

[Against All Defendants]

56.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 55, inclusive, and incorporates them by reference herein.

57.    Defendants' acts complained of herein – including but not limited to Defendants' knowing publication and distribution of false, deceptive and disparaging statements about Plaintiff and its business practices and misleading positive statements and recommendations of Regal Assets – were intended to direct business to Regal Assets.  These statements unfairly affected Plaintiff's business opportunities and fraudulently deceived customers shopping for precious metals services on the internet.

58.    As a result of Defendant's aforesaid conduct, Plaintiff has suffered substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Plaintiff will continue to suffer irreparable harm.  Plaintiff also has suffered loss of profits and other damages as a result of Defendant's aforesaid conduct. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief

Mitchell
Silberberg &
Knupp LLP

6217756.2

11

pursuant to Cal. Bus. & Prof. Code § 17203.  On the statutory business practices claim, Plaintiff seeks only disgorgement of profits and does not seek damages at law.

## FIFTH CLAIM FOR RELIEF

[Trade Libel]

59.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 58, inclusive, and incorporates them by reference herein.

60.     Defendants have made and continue to make false and disparaging statements about Plaintiff's business practices and services.

61.     Each of these statements was published on a website accessible worldwide and accessed by others.

62.     Plaintiff has already been, and is likely to be injured as a result of the foregoing false statements, as these statements induce and exhort others not to do business with Plaintiff, but instead to do business with Regal Assets.

63.     As a direct and proximate result of Defendants' false and disparaging publications, Plaintiff has sustained pecuniary loss in an amount to be determined at trial but in excess of $75,000.  Plaintiff has also suffered substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Plaintiff will continue to suffer irreparable harm.

64.     In addition to damages for lost sales, Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294 because Defendants acted with actual malice, in an amount to be decided by the jury at trial.

## SIXTH CLAIM FOR RELIEF

[Intentional Interference With Prospective Economic Advantage]

65.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 64, inclusive, and incorporates them by reference herein.

66.     Plaintiff had an economic relationship with customers shopping for precious metals and for which there was a probability of future economic benefit to Plaintiff in the form of sales of precious metals.

67.     Defendants knew of the prospective relationships between Plaintiff and these customers, and intended to disrupt that relationship for economic gain by way of the Regal Sites.

68.     Through the Regal Sites, including but not limited to the negative "reviews" of Plaintiff and the positive reviews and recommendations of Regal Assets, Defendants intentionally, wrongfully, and proximately caused disruptions in the relationships between Plaintiff and these prospective customers by diverting these sales from Plaintiff to Regal Assets.

69.     Defendant's intentionally wrongful actions disrupted Plaintiff's relationship with these customers and caused Plaintiff to lose these sales to Regal Assets, in an amount to be determined at trial but in excess of $75,000, and has also caused harm to Plaintiff's good will and reputation, in an amount to be determined at trial.

70.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and unless this Court enjoins Defendant's conduct, Plaintiff will continue to suffer irreparable harm.

71.     Defendants' acts described above were performed with oppression, fraud, and malice.  Accordingly, Plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount to be proven at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1.       A permanent mandatory injunction, ordering that Defendants and all persons acting under their direction or control immediately (i) delete or cause to be deleted any websites, webpages, blogs, reviews, postings and online content under their ownership, operation or control and that include any false, deceptive or disparaging content, unless and until all such wrongful content is removed or (ii) advise the owners and operators of any websites, webpages, blogs, reviews, postings and online content that include any false, deceptive or disparaging content, but are not owned, operated, controlled by Defendants, that all such wrongful content should be removed or the owner or operator may be subject to liability;

2.       A permanent mandatory injunction, ordering Defendants to post a notice on their websites advising the public about the false, deceptive and disparaging content of the Regal Sites unless and until all such wrongful content is removed;

3.       A permanent mandatory injunction, ordering Defendants to advise any current or prospective customers who were directed to Regal Assets by a Regal Site about the false, deceptive and disparaging content of the Regal Sites;

4.       A permanent prohibitory injunction, ordering that Defendants and all persons acting under their direction or control shall immediately and permanently cease and desist from (i) creating, (ii) causing to be created and (iii) providing content to or otherwise aiding or abetting the creation of any new websites, webpages, blogs, reviews, postings or other online content that include any false, deceptive or disparaging content;

5.       A permanent prohibitory injunction preventing Defendants from compensating any affiliate, owner or operator of any websites, webpages, blogs,

1  reviews postings and online content that include any false, deceptive or

2  disparaging content for directing or re-directing customers (or sales leads) to Regal

3  Assets (or any affiliate, officer, director, or employee of Regal Assets) unless and

4  until all such wrongful content is removed;

5      6.     A permanent prohibitory injunction preventing Defendants from

6  accepting or receiving any compensation as a result of directing or re-directing

7  customers (or sales leads) to Regal Assets (or any affiliate, officer, director, or

8  employee of Regal Assets) on account of any of websites, webpages, blogs,

9  reviews postings and online content that includes any false, deceptive or

10  disparaging content;

11     7.     Awarding Plaintiff its actual damages in an amount to be proven at

12  trial;

13     8.     Awarding Plaintiff any and all profits earned by Defendants or their

14  affiliates by reason of the unlawful acts complained of herein as provided by law;

15     9.     Awarding Plaintiff exemplary damages, including punitive and treble

16  damages, for Defendants' willful and malicious behavior and as provided by law;

17     10.    Awarding Plaintiff its reasonable attorneys' fees, prejudgment

18  interest, and costs of suit as provided by law; and

19     11.    Granting other relief as may be properly sought or the Court may

20  deem just and proper.

21

22  DATED: June 25, 2014          SETH E. PIERCE
                                  AARON M. WAIS
23                                NAOMI STRAUS
                                  MITCHELL SILBERBERG & KNUPP LLP
24

25                            By:  /S/Aaron M. Wais
26                                 Aaron M. Wais (SBN 250671)
                                   Attorneys for Plaintiff
27                                 Swiss America Trading Corp.

28

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable of right by jury.

DATED: June 25, 2014

SETH E. PIERCE
AARON M. WAIS
NAOMI STRAUS
MITCHELL SILBERBERG & KNUPP LLP


By:   /S/Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Plaintiff
Swiss America Trading Corp.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Mitchell
Silberberg &
Knupp LLP

6217756.2

# EXHIBIT 01





(click the image to enlarge)

In this video I log in to one of my affiliate accounts, so you can see $20k in earnings in just 30 days:

2

**EXHIBIT 1**
**PAGE 18**



You can become an affiliate at http://www.regalgoldaffiliates.com

I highly recommend becoming an affiliate (obviously), because there's just nothing else like this program anywhere. If you have questions, I'm always here to help inside the BTF forum at http://www.bringthefresh.com/forum

Posted: August 23rd, 2013 under bring the fresh, regal assets.
Tags: affiliates, bring the fresh, regal assets

Comments

3

EXHIBIT 1
PAGE 19



4

EXHIBIT 1
PAGE 20





6

EXHIBIT 1
PAGE 22