O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SWISS AMERICA TRADING             )   Case No. CV 14-04960 DDP (ASx)
CORPORATION,                      )
                                  )   **ORDER DENYING MOTION TO DISMISS**
                Plaintiff,        )   **IN PART AND GRANTING IN PART**
                                  )
        v.                        )
                                  )   [Dkt. 22]
REGAL ASSETS, LLC; TYLER          )
GALLAGHER, AN INDIVIDUAL;         )
KELLY FELIX, AN INDIVIDUAL,       )
                                  )
                Defendants.       )
_____  )

     Presently before the court is Defendants Regal Assets, LLC
("Regal") and Tyler Gallagher ("Gallgher," collectively,
"Defendants)'s Motion to Dismiss.  Having considered the
submissions of the parties and heard oral argument, the court
denies the motion and adopts the following order.

**I.   Background**

     Plaintiff Swiss America Trading Corporation ("Plaintiff" or
"Swiss") competes with Defendant Regal in the field of precious
metal sales.  (Complaint ¶ 1.)  Plaintiff promotes itself online
///

1  and relies upon internet reviews and recommendations to generate

2  business, as does Regal.  (<u>Id.</u> ¶¶ 19, 24.)

3     Swiss alleges that Defendant Regal operates an affiliate

4  marketing program, through which paid affiliates promote Regal on

5  affiliates' websites.  (Compl. ¶¶ 22, 25.)  Affiliates' promotional

6  efforts include both advertisements and reviews.  (<u>Id.</u> ¶ 22.)  The

7  Complaint alleges, however, that Regal owns, operates, or otherwise

8  controls its affiliates' websites, which include ostensibly

9  independent consumer reviews that disparage Swiss, make false

10  statements, including completely fabricated reviewer identities and

11  credentials, and recommend Regal over Swiss.  (<u>Id.</u> ¶¶ 25-34.)

12     The Complaint alleges causes of action for false and

13  misleading advertising under the Lanham Act, 15 U.S.C. 1125(a), and

14  state law, as well as state law causes of action for unfair

15  competition, trade libel, and intentional interference with

16  prospective economic advantage.  Defendants now move to dismiss.

17  **II.  Legal Standard**

18     A complaint will survive a motion to dismiss when it contains

19  "sufficient factual matter, accepted as true, to state a claim to

20  relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.

21  662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

22  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

23  "accept as true all allegations of material fact and must construe

24  those facts in the light most favorable to the plaintiff." <u>Resnick</u>

25  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint

26  need not include "detailed factual allegations," it must offer

27  "more than an unadorned, the-defendant-unlawfully-harmed-me

28  accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or

1   allegations that are no more than a statement of a legal conclusion
2   "are not entitled to the assumption of truth." Id. at 679.   In
3   other words, a pleading that merely offers "labels and
4   conclusions," a "formulaic recitation of the elements," or "naked
5   assertions" will not be sufficient to state a claim upon which
6   relief can be granted.   Id. at 678 (citations and internal
7   quotation marks omitted).

8        "When there are well-pleaded factual allegations, a court should
9   assume their veracity and then determine whether they plausibly
10  give rise to an entitlement of relief." Id. at 679.   Plaintiffs
11  must allege "plausible grounds to infer" that their claims rise
12  "above the speculative level."   Twombly, 550 U.S. at 555.
13  "Determining whether a complaint states a plausible claim for
14  relief" is a "context-specific task that requires the reviewing
15  court to draw on its judicial experience and common sense."   Iqbal,
16  556 U.S. at 679.

17  **III. Discussion**

18       A.   False Advertising

19       Defendants first contend that Swiss' False Advertising claims
20  are insufficient because the Complaint fails to satisfy the
21  heightened pleading requirements of Federal Rule of Civil Procedure
22  9(b).   The Ninth Circuit has not addressed the issue whether Rule 9
23  applies to false advertising claims, and district courts are
24  divided on the issue.   See, e.g., Western Sugar Co-op v. Archer-
25  Daniels-Midland Co., No. CV 11-3473 CBM, 2012 WL 3101659 *3 (C.D.
26  Cal. Jul. 31, 2012).

27       This court, however, need not resolve the disagreement, as the
28  Complaint satisfies even Rule 9s heightened standard, which "only

3

1  requires the identification of the circumstances constituting fraud
2  so that the defendant can prepare an adequate answer from the
3  allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th
4  Cir. 1973). Here, the Complaint clearly alleges that (1) Regal's
5  websites falsely represent themselves as independent of Regal, then
6  criticize Plaintiff and recommend Regal (Compl. ¶¶ 27-30); (2)
7  Regal sites use false information to give the impression of
8  trustworthiness, including fabricated reviewer identities and
9  backgrounds, such as that of "Mark C. Turner." (Compl. ¶¶ 32-33.);
10 and (3) Regal makes false, disparaging statements about Swiss,
11 including claims that Swiss has been accused of baiting and
12 switching, "steering" customers away from worthwhile investments,
13 and irrationally emphasizing coins over bullion. (Compl. ¶¶ 34,
14 Ex. 5.) These allegations are sufficient to allow Defendants to
15 mount an adequate defense.

16      Next, Defendants argue that the alleged misrepresentations are
17 mere puffery. This argument is not persuasive. Puffery is
18 "exaggerated advertising, blustering, and boasting upon which no
19 reasonable buyer would rely." Southland Sod Farms v. Stover Seed
20 Co., 108 F.3d 1134, 1145 (9th Cir. 1997). Puffery is typically
21 comprised of vague, exaggerated, generalized, or subjective
22 statements. County of Marin v. Deloitte Consulting LLP, 836
23 F.Supp.2d 1030, 1039 (N.D. Cal. 2011) (citing Cook, Perkiss &
24 Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d
25 242, 246 (9th Cir. 1990).

26      Here, Regal's sites are alleged to falsely represent that they
27 are independently operated, to put forth the fabricated opinions of
28 purportedly knowledgeable professionals in the field who, in

4

reality, do not exist, and to accuse Swiss of specific misdeeds such as baiting and switching.  These statements are not vague, exaggerated, or subjective, and are precisely the type of representations upon which consumers might rely.  The statements are, therefore, not puffery, and are actionable.

B.  Trade Libel

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." <u>ComputerXpress Inc. v. Jackson</u>, 93 Cal. App. 4th 993, 1010 (2001).  Trade libel encompasses "all false statements concerning the quality of services or product of a business".  <u>Id.</u> (internal quotation and citation omitted).  The tort requires the intentional publication of a false and unprivileged statement of fact.  <u>Mann v. Quality Old 13 Time Serv., Inc.</u>, 120 Cal. App. 4th 90, 104 (2004).  A cause of action for trade libel must allege "(1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages."  <u>New Show Studios LLC v. Needle</u>, No. 2:14-cv-01250-CAS, 2014 WL 2988271 at *13, (C.D. Cal. Jun. 30, 2014.)

As discussed above, the Complaint adequately identifies the publications at issue.  Defendants also assert, albeit in brief, that the Complaint also fails to allege special damages.  (Mot. at 15-16.)  This argument, too, is unpersuasive.  The Complaint alleges that Plaintiff depends upon word of mouth, and that online reviews are particularly important to Plaintiff's business.  (Compl. ¶ 21.)  As a result of the alleged misrepresentations on Regal's sites, Swiss alleges, Swiss has lost market share to Regal

1    and suffered continuing irreparable harm to reputation and

2    goodwill.  These allegations are sufficient.

3            C.    Intentional Interference with Prospective Economic

4                  Advantage

5           To satisfy the elements of the tort of intentional

6    interference with prospective economic advantage, a plaintiff must

7    show (1) an economic relationship between the plaintiff and some

8    third party, with the probability of future economic benefit to the

9    plaintiff; (2) the defendant's knowledge of the relationship; (3)

10   intentional acts on the part of the defendant designed to disrupt

11   the relationship; (4) actual disruption of the relationship; and

12   (5) economic harm to the plaintiff proximately caused by the acts

13   of the defendant.  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29

14   Cal.4th 1134, 1153.  To meet the third element, plaintiff must

15   "plead and prove that the defendant's acts are wrongful apart from

16   the interference itself." <u>Della Penna v. Toyota Motor Sales, U.S.A,</u>

17   <u>Inc.</u>, 11 Cal.4th 376, 393 (1995).

18          Defendants argue that Swiss has failed to allege the existence

19   of any economic relationship.  (Mot. at 17.)  The court agrees.

20   The Complaint alleges that Regal's actions have disrupted Swiss'

21   online business and diverted market share away from Swiss and to

22   Regal. (Compl. ¶ 24.)  That allegation does not adequately state

23   the existence of an economic relationship between Swiss and any

24   third party or a probability that such a relationship would yield

25   an economic benefit.  Nor does the Complaint's bare recitation of

26   the elements (<u>Id.</u> ¶¶ 66-67) suffice.  Swiss' Sixth Claim is

27   therefore dismissed, with leave to amend.

28   **IV.  Conclusion**

1        For the reasons stated above, Defendants' Motion to Dismiss is

2   DENIED, in part and GRANTED, in part.  Plaintiff's claim for

3   intentional interference with prospective economic advantage is

4   dismissed with leave to amend.  Any amended complaint shall be

5   filed within ten days of the date of this Order.  In all other

6   respects, Defendants' motion is DENIED.[1]

9   IT IS SO ORDERED.

12  Dated: February 13, 2015

                                  DEAN D. PREGERSON
13                                United States District Judge

---

27      [1] As Defendants recognize, Plaintiff's claim for unfair
28  business practices pursuant to California Business & Professions
    Code § 7200 rises or falls with Plaintiff's other claims.

7