O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SWISS AMERICA TRADING CORPORATION, | ) ) | Case No. CV 14-04960 DDP (ASx) |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION TO DISMISS IN PART AND GRANTING IN PART** |
| v. | ) ) | [Dkt. 22] |
| REGAL ASSETS, LLC; TYLER GALLAGHER, AN INDIVIDUAL; KELLY FELIX, AN INDIVIDUAL, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Presently before the court is Defendants Regal Assets, LLC ("Regal") and Tyler Gallagher ("Gallgher," collectively, "Defendants)'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**I.   Background**

Plaintiff Swiss America Trading Corporation ("Plaintiff" or "Swiss") competes with Defendant Regal in the field of precious metal sales. (Complaint ¶ 1.)  Plaintiff promotes itself online

///

and relies upon internet reviews and recommendations to generate business, as does Regal. (Id. ¶¶ 19, 24.)

Swiss alleges that Defendant Regal operates an affiliate marketing program, through which paid affiliates promote Regal on affiliates' websites. (Compl. ¶¶ 22, 25.) Affiliates' promotional efforts include both advertisements and reviews. (Id. ¶ 22.) The Complaint alleges, however, that Regal owns, operates, or otherwise controls its affiliates' websites, which include ostensibly independent consumer reviews that disparage Swiss, make false statements, including completely fabricated reviewer identities and credentials, and recommend Regal over Swiss. (Id. ¶¶ 25-34.)

The Complaint alleges causes of action for false and misleading advertising under the Lanham Act, 15 U.S.C. 1125(a), and state law, as well as state law causes of action for unfair competition, trade libel, and intentional interference with prospective economic advantage. Defendants now move to dismiss.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**

    A.   False Advertising

Defendants first contend that Swiss' False Advertising claims are insufficient because the Complaint fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Ninth Circuit has not addressed the issue whether Rule 9 applies to false advertising claims, and district courts are divided on the issue. <u>See</u>, <u>e.g.</u>, <u>Western Sugar Co-op v. Archer-Daniels-Midland Co.</u>, No. CV 11-3473 CBM, 2012 WL 3101659 *3 (C.D. Cal. Jul. 31, 2012).

3

1    This court, however, need not resolve the disagreement, as the
2 Complaint satisfies even Rule 9s heightened standard, which "only
3 requires the identification of the circumstances constituting fraud
4 so that the defendant can prepare an adequate answer from the
5 allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th
6 Cir. 1973).  Here, the Complaint clearly alleges that (1) Regal's
7 websites falsely represent themselves as independent of Regal, then
8 criticize Plaintiff and recommend Regal (Compl. ¶¶ 27-30); (2)
9 Regal sites use false information to give the impression of
10 trustworthiness, including fabricated reviewer identities and
11 backgrounds, such as that of "Mark C. Turner." (Compl. ¶¶ 32-33.);
12 and (3) Regal makes false, disparaging statements about Swiss,
13 including claims that Swiss has been accused of baiting and
14 switching, "steering" customers away from worthwhile investments,
15 and irrationally emphasizing coins over bullion.  (Compl. ¶¶ 34,
16 Ex. 5.)  These allegations are sufficient to allow Defendants to
17 mount an adequate defense.
18    Next, Defendants argue that the alleged misrepresentations are
19 mere puffery.  This argument is not persuasive.  Puffery is
20 "exaggerated advertising, blustering, and boasting upon which no
21 reasonable buyer would rely." Southland Sod Farms v. Stover Seed
22 Co., 108 F.3d 1134, 1145 (9th Cir. 1997).  Puffery is typically
23 comprised of vague, exaggerated, generalized, or subjective
24 statements. County of Marin v. Deloitte Consulting LLP, 836
25 F.Supp.2d 1030, 1039 (N.D. Cal. 2011) (citing Cook, Perkiss &
26 Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d
27 242, 246 (9th Cir. 1990).
28

1    Here, Regal's sites are alleged to falsely represent that they
2 are independently operated, to put forth the fabricated opinions of
3 purportedly knowledgeable professionals in the field who, in
4 reality, do not exist, and to accuse Swiss of specific misdeeds
5 such as baiting and switching.  These statements are not vague,
6 exaggerated, or subjective, and are precisely the type of
7 representations upon which consumers might rely.  The statements
8 are, therefore, not puffery, and are actionable.

9    B.  Trade Libel

10    "Trade libel is the publication of matter disparaging the
11 quality of another's property, which the publisher should recognize
12 is likely to cause pecuniary loss to the owner."  ComputerXpress
13 Inc. v. Jackson, 93 Cal. App. 4th 993, 1010 (2001).  Trade libel
14 encompasses "all false statements concerning the quality of
15 services or product of a business".  Id. (internal quotation and
16 citation omitted).  The tort requires the intentional publication
17 of a false and unprivileged statement of fact.  Mann v. Quality Old
18 Time Serv., Inc., 120 Cal. App. 4th 90, 104 (2004).  A cause of
19 action for trade libel must allege "(1) a publication, (2) which
20 induces others not to deal with plaintiff, and (3) special
21 damages."  New Show Studios LLC v. Needle, No. 2:14-cv-01250-CAS,
22 2014 WL 2988271 at *13, (C.D. Cal. Jun. 30, 2014.)

23    As discussed above, the Complaint adequately identifies the
24 publications at issue.  Defendants also assert, albeit in brief,
25 that the Complaint also fails to allege special damages.  (Mot. at
26 15-16.)  This argument, too, is unpersuasive.  The Complaint
27 alleges that Plaintiff depends upon word of mouth, and that online
28 reviews are particularly important to Plaintiff's business.

(Compl. ¶ 21.)  As a result of the alleged misrepresentations on Regal's sites, Swiss alleges, Swiss has lost market share to Regal and suffered continuing irreparable harm to reputation and goodwill.  These allegations are sufficient.

    C.   Intentional Interference with Prospective Economic Advantage

To satisfy the elements of the tort of intentional interference with prospective economic advantage, a plaintiff must show (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153.  To meet the third element, plaintiff must "plead and prove that the defendant's acts are wrongful apart from the interference itself." Della Penna v. Toyota Motor Sales, U.S.A, Inc., 11 Cal.4th 376, 393 (1995).

    Defendants argue that Swiss has failed to allege the existence of any economic relationship. (Mot. at 17.)  The court agrees.  The Complaint alleges that Regal's actions have disrupted Swiss' online business and diverted market share away from Swiss and to Regal. (Compl. ¶ 24.)  That allegation does not adequately state the existence of an economic relationship between Swiss and any third party or a probability that such a relationship would yield an economic benefit.  Nor does the Complaint's bare recitation of

the elements (Id. ¶¶ 66-67) suffice.  Swiss' Sixth Claim is therefore dismissed, with leave to amend.

**IV. Conclusion**

    For the reasons stated above, Defendants' Motion to Dismiss is DENIED, in part and GRANTED, in part.  Plaintiff's claim for intentional interference with prospective economic advantage is dismissed with leave to amend.  Any amended complaint shall be filed within ten days of the date of this Order.  In all other respects, Defendants' motion is DENIED.[1]

IT IS SO ORDERED.

Dated: February 17, 2015

                                            DEAN D. PREGERSON
                                            United States District Judge

---

[1] As Defendants recognize, Plaintiff's claim for unfair business practices pursuant to California Business & Professions Code § 7200 rises or falls with Plaintiff's other claims.