1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA

10  SWISS AMERICA TRADING           CASE NO. 2:14-cv-04960-DDP(ASx)
    CORPORATION,
11                                  Honorable Dean D. Pregerson
              Plaintiff,
12                                  [PROPOSED] STIPULATED
          v.                        PROTECTIVE ORDER
13
14  REGAL ASSETS, LLC; Tyler
    Gallagher, an individual; Kelly Felix, an
    individual; and Does 1-10, inclusive,
15
16            Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve customer lists, customer information, financial information and other valuable commercial, financial and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information (such as revenues, commissions, profits and margins), information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties such as addresses, phone numbers, social security numbers and financial information), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Disclosure of such confidential business or financial

1    information would harm the disclosing party because this information would have

2    economic value to the disclosing party's competitors by revealing business

3    methods, processes and financial information.  The public disclosure of private

4    third-party information would also harm those third-parties' privacy rights.

5    Accordingly, to expedite the flow of information, to facilitate the prompt resolution

6    of disputes over confidentiality of discovery materials, to adequately protect

7    information the parties are entitled to keep confidential, to ensure that the parties

8    are permitted reasonable necessary uses of such material in preparation for and in

9    the conduct of trial, to address their handling at the end of the litigation, and serve

10   the ends of justice, a protective order for such information is justified in this

11   matter.  It is the intent of the parties that information will not be designated as

12   confidential for tactical reasons and that nothing be so designated without a good

13   faith belief that it has been maintained in a confidential, non-public manner, and

14   there is good cause why it should not be part of the public record of this case.

15   2.      DEFINITIONS

16          2.1    Action: the pending related federal lawsuits entitled *American Bullion*

17   *Inc. v. Regal Assets, LLC, et al.*, CV 14-01873-DDP (ASx), *Swiss America Trading*

18   *Corporation v. Regal Assets, LLC, et al.*, CV 14-04960 DDP (ASx) and *Lear*

19   *Capital, Inc. v. Regal Assets, LLC, et al.*, CV 15-00869 JAK (SHx).

20          2.2    Challenging Party:  a Party or Non-Party that challenges the

21   designation of information or items under this Order.

22          2.3    "CONFIDENTIAL" Information or Items: information (regardless of

23   how it is generated, stored or maintained) or tangible things that qualify for

24   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

25   the Good Cause Statement.

26          2.4    Designating Party: a Party or Non-Party that designates information or

27   items that it produces in disclosures or in responses to discovery in the Action as

28

3

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
2  ONLY."

3      2.5    Disclosure or Discovery Material:  all items or information, regardless
4  of the medium or manner in which it is generated, stored, or maintained (including,
5  among other things, testimony, transcripts, and tangible things), that are produced
6  or generated in disclosures or responses to discovery in the Action.

7      2.6    Expert and/or Consultant:  a person with specialized knowledge or
8  experience in a matter pertinent to the litigation, along with his or her employees
9  and support personnel, who has been retained by a Party or its counsel to serve as
10  an expert witness or as a consultant in the Action, and who is not a past or current
11  employee of a Party, and who, at the time of retention, is not anticipated to become
12  an employee of a Party.  This definition includes a professional jury or trial
13  consultant retained in connection with the Action.

14      2.7    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"
15  Information or Items: extremely sensitive "Confidential Information or Items,"
16  disclosure of which to another Party or Non-Party would create a substantial risk of
17  serious harm that could not be avoided by less restrictive means.

18      2.8    House Counsel:  attorneys who are employees of a party to this
19  Action.  House Counsel does not include Outside Counsel of Record or any other
20  outside counsel.

21      2.9    Non-Party:  any natural person, partnership, corporation, association,
22  or other legal entity not named as a Party to the Action.

23      2.10   Outside Counsel of Record: attorneys who are not employees of a
24  party to the Action but are retained to represent or advise a party to the Action and
25  have appeared in the Action on behalf of that party or are affiliated with a law firm
26  which has appeared on behalf of that party, and includes support staff.

27
28

4

1      2.11   <u>Party</u>:  any party to the Action, including all of its officers, directors,

2  employees, consultants, retained experts, and Outside Counsel of Record (and their

3  support staffs).

4      2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

5  Discovery Material in the Action.

6      2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation

7  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8  demonstrations, and organizing, storing, or retrieving data in any form or medium)

9  and their employees and subcontractors.

10      2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is

11  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

12  ATTORNEYS' EYES ONLY" in the Action.

13      2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

14  Material from a Producing Party in the Action.

15  3.    <u>SCOPE</u>

16      The protections conferred by this Stipulation and Order cover not only

17  Protected Material (as defined above), but also (1) any information copied or

18  extracted from Protected Material; (2) all copies, excerpts, summaries, or

19  compilations of Protected Material; and (3) any testimony, conversations, or

20  presentations by Parties or their Counsel that might reveal Protected Material.

21      Any use of Protected Material at trial shall be governed by the orders of the

22  trial judge.  This Order does not govern the use of Protected Material at trial.

23  4.    <u>DURATION</u>

24      Even after final disposition of this litigation, the confidentiality obligations

25  imposed by this Order shall remain in effect until a Designating Party agrees

26  otherwise in writing or a court order otherwise directs.  Final disposition shall be

27  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

28  with or without prejudice; and (2) final judgment herein after the completion and

1   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

2   including the time limits for filing any motions or applications for extension of

3   time pursuant to applicable law.

4   5.      DESIGNATING PROTECTED MATERIAL

5            5.1     Exercise of Restraint and Care in Designating Material for Protection.

6   Each Party or Non-Party that designates information or items for protection under

7   this Order must take care to limit any such designation to specific material that

8   qualifies under the appropriate standards.  The Designating Party must designate

9   for protection only those parts of material, documents, items, or oral or written

10  communications that qualify so that other portions of the material, documents,

11  items, or communications for which protection is not warranted are not swept

12  unjustifiably within the ambit of this Order.

13           Mass, indiscriminate, or routinized designations are prohibited.

14  Designations that are shown to be clearly unjustified or that have been made for an

15  improper purpose (e.g., to unnecessarily encumber the case development process

16  or to impose unnecessary expenses and burdens on other parties) may expose the

17  Designating Party to sanctions.

18           If it comes to a Designating Party's attention that information or items that it

19  designated for protection do not qualify for protection, that Designating Party must

20  promptly notify all other Parties that it is withdrawing the inapplicable designation.

21           5.2     Manner and Timing of Designations.  Except as otherwise provided in

22  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24  under this Order must be clearly so designated before the material is disclosed or

25  produced.

26           Designation in conformity with this Order requires:

27                    (a)     for information in documentary form (e.g., paper or electronic

28  documents, but excluding transcripts of depositions or other pretrial or trial

6

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for

1  protection within the 20 days shall be covered by the provisions of this Stipulated

2  Protective Order.

3          (c)   for information produced in some form other than

4  documentary and for any other tangible items, that the Producing Party affix in a

5  prominent place on the exterior of the container or containers in which the

6  information is stored the legend "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only a portion or portions

8  of the information warrants protection, the Producing Party, to the extent

9  practicable, shall identify the protected portion(s).

10     5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

11  failure to designate qualified information or items does not, standing alone, waive

12  the Designating Party's right to secure protection under this Order for such

13  material.  Upon timely correction of a designation, the Receiving Party must make

14  reasonable efforts to assure that the material is treated in accordance with the

15  provisions of this Order.

16  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

17     6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20     6.2   Meet and Confer.  The Challenging Party shall initiate the dispute

21  resolution process under Local Rule 37.1 et seq.

22     6.3   The burden of persuasion in any such challenge proceeding shall be

23  on the Designating Party.  Frivolous challenges, and those made for an improper

24  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

25  parties) may expose the Challenging Party to sanctions.  Unless the Designating

26  Party has waived or withdrawn the confidentiality designation, all parties shall

27  continue to afford the material in question the level of protection to which it is

28

entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of a Party to this Action to whom disclosure is reasonably necessary for this Action;

(c)    Experts and/or Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

9

1           (f)     professional jury or trial consultants, mock jurors, and

2   Professional Vendors to whom disclosure is reasonably necessary for this Action

3   and who have signed the "Acknowledgment and Agreement to Be Bound"

4   (Exhibit A);

5           (g)     the author or recipient of a document containing the

6   information or a custodian or other person who otherwise possessed or knew the

7   information;

8           (h)     during their depositions, witnesses, and attorneys for

9   witnesses, in the Action to whom disclosure is reasonably necessary provided:

10  (1) the deposing party requests that the witness sign the form attached as

11  Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential

12  information unless they sign the "Acknowledgment and Agreement to Be Bound"

13  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

14  court.  Pages of transcribed deposition testimony or exhibits to depositions that

15  reveal Protected Material may be separately bound by the court reporter and may

16  not be disclosed to anyone except as permitted under this Stipulated Protective

17  Order;

18          (i)     any mediator or settlement officer, and their supporting

19  personnel, mutually agreed upon by any of the parties engaged in settlement

20  discussions; and

21          (j)     such other persons as are designated by written agreement

22  between the parties or by Court order.

23      7.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

24  ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted

25  in writing by the Designating Party, a Receiving Party may disclose any

26  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY" only to:

28

1          (a)     the Receiving Party's Outside Counsel of Record in this

2 Action, as well as employees of said Outside Counsel of Record to whom it is

3 reasonably necessary to disclose the information for this litigation;

4          (b)     Experts and/or Consultants (as defined in this Order) to whom

5 disclosure is reasonably necessary for this Action and who have signed the

6 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7          (c)     the court and its personnel;

8          (d)     court reporters and their staff, professional jury or trial

9 consultants, and Professional Vendors to whom disclosure is reasonably

10 necessary for this litigation and who have signed the "Acknowledgment and

11 Agreement to Be Bound" (Exhibit A);

12          (e)     the author or recipient of a document containing the

13 information or a custodian or other person who otherwise possessed or knew the

14 information; and

15          (f)     such other persons as are designated by written agreement

16 between the parties or by Court order.

17 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18 IN OTHER LITIGATION

19     If a Party is served with a subpoena or a court order issued in other litigation

20 that compels disclosure of any information or items designated in this Action as

21 "CONFIDENTIAL or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

22 ONLY," that Party must:

23          (a)     promptly notify in writing the Designating Party.  Such

24 notification shall include a copy of the subpoena or court order;

25          (b)     promptly notify in writing the party who caused the subpoena

26 or order to issue in the other litigation that some or all of the material covered by

27 the subpoena or order is subject to this Protective Order.  Such notification shall

28 include a copy of this Stipulated Protective Order; and

1          (c)     cooperate with respect to all reasonable procedures sought to

2    be pursued by the Designating Party whose Protected Material may be affected.

3         If the Designating Party timely seeks a protective order, the Party served

4    with the subpoena or court order shall not produce any information designated in

5    this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

6    ATTORNEYS' EYES ONLY" before a determination by the court from which the

7    subpoena or order issued, unless the Party has obtained the Designating Party's

8    permission.  The Designating Party shall bear the burden and expense of seeking

9    protection in that court of its confidential material and nothing in these provisions

10   should be construed as authorizing or encouraging a Receiving Party in this Action

11   to disobey a lawful directive from another court.

12   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

13   PRODUCED IN THIS LITIGATION

14         (a)     The terms of this Order are applicable to information

15   produced by a Non-Party in this Action and designated as "CONFIDENTIAL or

16   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such

17   information produced by Non-Parties in connection with this litigation is

18   protected by the remedies and relief provided by this Order.  Nothing in these

19   provisions should be construed as prohibiting a Non-Party from seeking

20   additional protections.

21         (b)     In the event that a Party is required, by a valid discovery

22   request, to produce a Non-Party's confidential information in its possession, and

23   the Party is subject to an agreement with the Non-Party not to produce the Non-

24   Party's confidential information, then the Party shall:

25           (1)     promptly notify in writing the Requesting Party and the

26   Non-Party that some or all of the information requested is subject to a

27   confidentiality agreement with a Non-Party;

28

12

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, after the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

1  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
2  summaries, and any other format reproducing or capturing any of the Protected
3  Material.  Whether the Protected Material is returned or destroyed, the Receiving
4  Party must submit a written certification to the Producing Party (and, if not the
5  same person or entity, to the Designating Party) by the 60 day deadline that
6  (1) identifies (by category, where appropriate) all the Protected Material that was
7  returned or destroyed and (2) affirms that the Receiving Party has not retained any
8  copies, abstracts, compilations, summaries or any other format reproducing or
9  capturing any of the Protected Material.  Notwithstanding this provision, Counsel
10  are entitled to retain an archival copy of all pleadings, motion papers, trial,
11  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
12  and trial exhibits, expert reports, attorney work product, and consultant and expert
13  work product, even if such materials contain Protected Material.  Any such
14  archival copies that contain or constitute Protected Material remain subject to this
15  Protective Order as set forth in Section 4 (DURATION).
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

15
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 18, 2015             WINSTON & STRAWN LLP
                                  By:  /s/ Saul Rostamian
                                       SAUL ROSTAMIAN
                                  Attorneys for Defendants Regal
                                  Assets, LLC, Tyler Gallagher and
                                  Kelly Felix

DATED: March 18, 2015             MITCHELL SILBERBERG &
                                  KNUPP LLP
                                  By:  /s/ Aaron M. Wais
                                       AARON M. WAIS
                                  Attorneys for Plaintiff Swiss America
                                  Trading Corporation

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED  March 20, 2015

_____ / s / _____
Honorable Alka Sagar
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of *Swiss America Trading*

*Corporation v. Regal Assets, LLC et al.,* Case No. 2:14-cv-04960-DDP(ASx).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or

type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed:  _____

Printed Name  _____

Signature _____

<u>17</u>
**[PROPOSED] STIPULATED PROTECTIVE ORDER**